

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 2 2 2017

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**TOQUATA TAPPIN, Individually and on
Behalf of All Others Similarly Situated**                    **PLAINTIFF**

VS.                        No. 4:17-cv-860 BRW

**PACIFIC COAST MANAGEMENT, LLC;
COLUMBUS BROWN IV, M.D., individually and
d/b/a ARKANSAS RHEUMATOLOGY CENTER,
P.L.L.C.; and ALONZO WILLIAMS, SR., M.D.,
individually and d/b/a ARKANSAS DIAGNOSTIC
CENTER, P.A.**                                          **DEFENDANTS**

## ORIGINAL COMPLAINT–CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Toquata Tappin ("Tappin" or "Plaintiff"), individually and

on behalf of all others similarly situated, by and through her attorneys Daniel Ford and

Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint–Class and

Collective Action ("Complaint") against Defendants Pacific Coast Management, LLC;

Columbus Brown IV, M.D., individually and d/b/a Arkansas Rheumatology Center,

P.L.L.C.; and Alonzo Williams, Sr., M.D., individually and d/b/a Arkansas Diagnostic

Center, P.A. (collectively "Defendants"), and in support thereof Plaintiff does hereby

state and allege as follows:

This case assigned to District Judge___Wilson___
and to Magistrate Judge___Volpe___

## I.     PRELIMINARY STATEMENTS

1.     This is a hybrid class action and collective action brought by Plaintiff on behalf of herself and on behalf of other administrative staff employed by Defendants at any time within a three-year period preceding filing of this Complaint.

2.     Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and other administrative staff lawful overtime compensation for hours worked in excess of forty (40) hours per week and lawful compensation for all hours worked.

3.     Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.     JURISDICTION AND VENUE

4.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.     This Complaint also alleges Arkansas Minimum Wage Act ("AMWA") violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.  Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.      Plaintiff alleges violations of the FLSA and the AMWA as a result of and while working at Defendants' facility in Little Rock.

7.      The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.      THE PARTIES

8.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9.      Plaintiff Toquata Tappin is an individual and resident of Alexander, Arkansas.

10.     Plaintiff was employed by Defendants at Defendants' place of business in Little Rock.

11.     Plaintiff began her employment with Defendants or their predecessor(s) more than three (3) years prior to the date of filing of this action and her employment continued until August of 2017.

12.     At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

13.     Defendant Pacific Coast Management, LLC, is a domestic limited liability company organized under the laws of Arkansas.

14.     Defendant Pacific Coast Management, LLC, may be served through its registered agent for service of process, Glenda Hagood, at 8908 Kanis Road, Little Rock, Arkansas 72205.

15.     Defendant Columbus Brown, IV, M.D. ("Defendant Brown"), is an individual resident and citizen of Pulaski County.

16.     Defendant Brown is an officer and member of Arkansas Rheumatology Center, P.L.L.C., does business as Arkansas Rheumatology Center, P.L.L.C., and all relevant times hereto, had operational control over Arkansas Rheumatology Center, P.L.L.C.

17.     At all times relevant hereto, Defendant Brown had the power to hire and fire employees of Arkansas Rheumatology Center, P.L.L.C., and supervised and set wages and wage policies for employees of Arkansas Rheumatology Center, P.L.L.C.

18.     Defendant Brown is an officer and member of Pacific Coast Management, LLC. Defendant Brown is a manager of Pacific Coast Management, LLC, and at all times relevant hereto, had operational control over Pacific Coast Management, LLC.

19.     At all times relevant hereto, Defendant Brown had the power to hire and fire employees of Pacific Coast Management, LLC, and supervised and set wages and wage policies for Pacific Coast Management, LLC, employees.

20.     Defendant Alonzo Williams, Sr., M.D. ("Defendant Williams"), is an individual resident and citizen of Pulaski County, Arkansas

21.     Defendant Williams is an officer and member of Arkansas Diagnostic Center, P.A., does business as Arkansas Diagnostic Center, P.A., and all relevant times hereto, had operational control over Arkansas Diagnostic Center, P.A.

22.     At all times relevant hereto, Defendant Williams had the power to hire and fire employees of Arkansas Diagnostic Center, P.A., and supervised and set wages and wage policies for employees of Arkansas Diagnostic Center, P.A.

23.     Defendant Williams is an officer and member of Pacific Coast Management, LLC. Defendant Williams is a manager of Pacific Coast Management, LLC, and at all times relevant hereto, had operational control over Pacific Coast Management, LLC.

24.     At all times relevant hereto, Defendant Williams had the power to hire and fire employees of Pacific Coast Management, LLC, and supervised and set wages and wage policies for Pacific Coast Management, LLC, employees.

25.     Defendant Pacific Coast Management, LLC, is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

26.     Defendant Columbus Brown, IV, M.D., individually and d/b/a Arkansas Rheumatology Center, P.L.L.C., is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

27.     Defendant Alonzo Williams, Sr., M.D., individually and d/b/a Arkansas Diagnostic Center, P.A., is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

28.     At all times relevant hereto, Defendants operated as one employer and conducted business operations out of and within a common facility.  Defendants shared common employment practices, customers and employees.

29.     Defendants have unified operational control and management, as well control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

30.     As a result of this unified operational control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

31.     Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

32.     During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as food items, transport vans, computers, and office supplies.

## IV.     FACTUAL ALLEGATIONS

33.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

34.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants at their place of business in Little Rock.

35.     Plaintiff was hired by Defendants as hourly paid administrative staff, specifically a billing specialist, more than three years prior to the filing of this Complaint, and she remained employed by Defendants until August of 2017.

36.     As administrative staff, Plaintiff's primary duty was data entry.

37.     Plaintiff was classified as an hourly employee the entire duration of her employment with Defendants and paid an hourly rate.

38.     Plaintiff was not paid on a salary basis.

39.     Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

40.     Plaintiff regularly worked in excess of forty (40) hours per week throughout her tenure with Defendants.  Other administrative staff worked similar hours.

41.     Plaintiff and other administrative staff were and are entitled to their regular rate for all hours worked under forty (40) per week and overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

42.     Plaintiff and other administrative staff had their paychecks regularly deducted by Defendants for the alleged purpose of paying an insurance premium.

43.     Defendants did not purchase an insurance policy with the monies deducted from the pay of Plaintiff and similarly situated employees.

44.     Defendants did not properly pay Plaintiff and other administrative staff for overtime, even though Defendants were aware of the additional hours worked.

45.     Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and their other administrative staff violated the FLSA and the AMWA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

### A.    FLSA § 216(b) Class

46.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

47.    Plaintiff brings her claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

48.    Plaintiff brings his FLSA claims on behalf of all hourly administrative staff employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA  and who are entitled to payment of the following types of damages:

A.    Payment for all hours worked, including payment of amounts improperly withheld and overtime premiums for all hours worked for Defendants in excess of 40 hours in a workweek; and

B.    Liquidated damages and attorneys' fees and costs.

49.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

50.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

51.    The members of the proposed FLSA Class are similarly situated in that they share these traits:

A.    They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B.      They were paid hourly; and

C.      They were subject to Defendants' common policy of denying pay for all hours worked, including the unlawful deduction of pay and improperly calculating overtime pay for hours worked over forty (40) per work week.

52.     Plaintiff is unable to state the exact number of the potential members of the FLSA Class but believes that the class exceeds thirty (30) persons.

53.     Defendants can readily identify the members of the Section 16(b) class. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B.      AMWA Rule 23 Class

54.     At all relevant times herein, Plaintiff and other similarly situated individuals were the "employees" of Defendants within the meaning of all applicable Arkansas state statutes and implementing regulations.

55.     Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

56.     Plaintiff proposes to represent the class of hourly administrative staff who are/were employed by Defendants within the relevant time period within the State of Arkansas.

57.     Common questions of law and fact relate to all members of the proposed class, such as whether Defendants paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

58.     Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

59.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

60.     Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds fourty (40) persons. Therefore, the class is so numerous that joinder of all members is impracticable.

61.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

62.     Concentrating the litigation in this forum is highly desirable because Defendants are based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

63.     No difficulties are likely to be encountered in the management of this class action.

64.     The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly employee for Defendants and experienced the same violations of the AMWA that all other class members suffered.

65.     Plaintiff and her counsel will fairly and adequately protect the interests of the class.

66.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

67.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI.     FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of FLSA)

67.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

68.     29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

69.     Defendants failed to pay Plaintiff for all of her hours worked and failed to pay Plaintiff at a rate of one and one-half times her regular rate for all hours worked over forty (40) hours per week, despite her entitlement thereto.

70.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

71.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

72.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA)

73.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

74.     Plaintiff asserts this claim on behalf of all administrative staff employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative class for unpaid overtime compensation for all the hours she and they worked in excess of forty (40) each week and for unpaid regular compensation for all the regular hours they worked and were not paid.

75.     Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

76.     29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

77.     Defendants failed to pay Plaintiff and those similarly situated for all of their hours worked and for all hours worked over forty (40) hours per week at a rate of one and one-half times their regular rate, despite their entitlement thereto, and instead deliberately chose to only pay them for some of those hours.

78.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed class is properly defined as follows:

**All employees of Defendants within the past three years who had a deduction from their paychecks pursuant to a representation that the deducted funds were used to pay an insurance premium.**

79.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

80.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated

seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

81.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF

### (Individual Claim for Violation of the AMWA)

82.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

83.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

84.     At all relevant times, Defendants were Plaintiff's "employers" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

85.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

86.     Defendants failed to pay Plaintiff all wages owed, as required under the AMWA.

87.     Despite the entitlement of Plaintiff to payment for all hours worked and overtime payments under the AMWA, Defendants failed to pay Plaintiff for all hours worked and failed to pay Plaintiff a lawful overtime premium.

88.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

89.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

90.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     FOURTH CLAIM FOR RELIEF

### (Class Action Claim for Violation of the AMWA)

91.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

92.     Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

93.     At all relevant times, Defendants have been, and continue to be, "employers" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

94.     Defendants failed to pay Plaintiff and members of the proposed class all wages owed, as required under the AMWA.

95.     Despite the entitlement of Plaintiff and members of the proposed class to payment for all hours worked and overtime payments under the AMWA, Defendants failed to pay Plaintiff for all hours worked and failed to pay Plaintiff a lawful overtime premium.

96.     Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All employees of Defendants within the past three years**
**who had a deduction from their paychecks pursuant to a representation**
**that the deducted funds were used to pay an insurance premium.**

97.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

98.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

99.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate

## X.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Toquata Tappin, individually and on behalf of all others similarly situated, respectfully prays as follows:

(A)    That each Defendant be summoned to appear and answer herein;

(B)    That Defendants be required to account to Plaintiff, the class members, and the Court for all hours worked by Plaintiff and the class members and all monies paid to them;

(C)    A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. § 516 et seq.;

(D)    A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. and the related regulations;

(E)    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(F)    Judgment for damages for all unpaid regular and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.;

(G)    Judgment for damages for all unpaid regular and overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. and the related regulations;

(H)    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq., in an

amount equal to all unpaid regular and overtime compensation owed to Plaintiff and members of the class during the applicable statutory period;

(I)    Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq., and the relating regulations

(J)    An order directing Defendants to pay Plaintiff and members of the class pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(K)    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF TOQUATA TAPPIN, Individually and on Behalf of All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:    _____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

and    _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TOQUATA TAPPIN, Individually and on**                                    **PLAINTIFF**
**behalf of All Others Similarly Situated**


VS.                                        No. 4:17-cv-


**PACIFIC COAST MANAGEMENT, LLC;**
**ARKANSAS DIAGNOSTIC CENTER,**
**and ARKANSAS RHEUMATOLOGY CENTER,**
**P.L.L.C.**                                                          **DEFENDANTS**


## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an medical professional for Defendants Pacific Coast Management, LLC; Arkansas Diagnostic Center; and Arkansas Rheumatology Center P.L.L.C., on or after August 31, 2014. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.


Signature: _TOQUATA TAPPIN_


Date: August 24, 2017


_/s/ Josh Sanford_
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**